NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANDY CARL EILAND,

      Plaintiff - Appellant,

  v.

CORECIVIC, INC.; M FRINK;
UNKNOWN PARTY, Jane Doe; S
RODRIQUEZ, Warden for Saguaro
Correction Center,

      Defendants - Appellees.

No. 24-5153

D.C. No.
2:22-cv-01664-MTL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted July 15, 2026[**]

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

    Randy Carl Eiland appeals the summary judgment entered against him by

the district court in his action under 42 U.S.C. § 1983 against the warden and other

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

officers of Saguaro Correctional Center. Eiland alleged due process violations arising from disciplinary proceedings concerning an MP3 player containing images of child pornography. The district court granted summary judgment for defendants, concluding that Eiland did not establish that he was deprived of a protected liberty interest.

An inmate's liberty interests are implicated when a sanction extends the length of his sentence or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). We consider the following factors: "1) whether the challenged condition 'mirrored th[e] conditions [of] administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Sandin*, 515 U.S. at 486).

1. Eiland's sanction did not implicate a protected liberty interest. He was placed in the segregation unit for 15 days. We have held that such a sanction does not meet the *Sandin* standard. *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010). The sanction did not affect the length of his sentence. He did not lose good-time credits. "Typically, administrative segregation in and of itself does not

implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). The sanction here was not "atypical." *Sandin*, 515 U.S. at 484.

2. Eiland's complaint did not allege, nor does the record suggest, that the sanction was based on no evidence. *See Nonnette v. Small*, 316 F.3d 872, 878 (9th Cir. 2002).

**AFFIRMED.**

24-5153